JOHNSTONE, Justice
(dissenting).
The main opinion holds that § 37-1-141, Ala.Code 1975, does not authorize a would-be intervenor to appeal under § 37-1-140, Ala.Code 1975, directly to the Supreme Court from an order by the Alabama Public Service Commission denying the would-be intervenor’s motion to intervene in a rate case. The rationale is that- the description of who can appeal in § 37-1-141 — “[e]ither party or any intervenor”— does not include would-be intervenors. The main opinion holds that would-be in-tervenors can appeal only to the Circuit Court of Montgomery County under § 37-1-120, Ala.Code 1975, because the description of who can appeal in a different section, § 37-1-121, Ala.Code 1975 — “[a]ny intervenor or interested party” — does include would-be intervenors.
Because § 37-1-140 and § 37-1-141 specifically govern appeals in rate cases, as distinguished from all other kinds of utility cases, § 37-1-141 is controlling on the issue of who can appeal directly to the Supreme Court in a rate case. The critical question, though, is how restrictively the language of § 37-1-141 should be construed.
The whole purpose of § 37-1-140, emphatically apparent from its text, is to accord the most expeditious, thorough, and authoritative appellate treatment to rate cases, as distinguished from all other kinds of utility cases. Accordingly, the section commands that in all rate cases “an appeal from any action or order of the Alabama Public Service Commission ... shall lie directly to the Supreme Court of Alabama,” which must give the appeal a preferred setting and must hear and determine the appeal en banc.
These provisions unambiguously militate against any construction of § 37-1-141 that would relegate an appeal in a rate case to the Circuit Court of Montgomery County under § 37-1-120. Obviously, the Circuit Court of Montgomery County cannot perform an en banc Supreme Court review, and § 37-1-120 accords such an appeal no priority whatsoever. Moreover, only after that circuit court would enter a final judgment could “[a]ny party -... appeal to the Supreme Court of Alabama.” § 37-1-132, Ala.Code 1975 (emphasis added). If “[a]ny party,” § 37-1-132, be construed ,as restrictively as the main opinion construes “[e]ither party,” § 37-1-141, in this case, a would-be intervenor, if unsuccessful in the Circuit Court of Montgomery County, could never appeal to the Supreme Court of Alabama. Whatever right of further review the would-be intervenor could and would pursue would occasion further uncertainty and delay.
The construction by the main opinion to the effect that § 37-1-141 does not authorize would-be intervenors in rate cases to appeal directly to the Supreme Court under § 37-1-140 will relegate to the Circuit Court of Montgomery County not only the would-be intervenors but also all of the appellees, will delay all such rate cases for all of the participants throughout the pen-dency of such proceedings before’that cir *293 cuit court and throughout any subsequent appeals or other proceedings for appellate review, will thereby likely deprive some of the participants of all of the benefits intended by § 37-1-140, and will surely deprive all of the participants of some of those benefits, all contrary to the plain meaning of § 37-1-140. This Court would do better to hold that the § 37-1-141 description of who can appeal directly to the Alabama Supreme Court in rate cases— “[e]ither party or any intervenor” — includes would-be intervenors appealing from the denial of their motions to intervene. The meaning of the description is not plainly to the contrary. Therefore, I respectfully submit that this Court should not dismiss this appeal.